**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Attorney Yellow Pages.Com, L.L.C., an Arizona limited liability company and James Novak, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Advice Company, a California corporation,<br><br>Defendant.<br>______________________________<br><br>Advice Company, a California Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>Attorney Yellow Pages.Com, L.L.C., an Arizona limited liability company,<br><br>Counterdefendant. | No. CV-09-0282-PHX-LOA<br><br>**ORDER** |

This matter arises on Defendant/Counterclaimant Advice Company's ("Advice") Motion to Stay Proceedings, filed on April 7, 2009. (docket # 24) After considering the relevant pleadings, the Court will deny Advice's Motion to Stay.

**BACKGROUND**

This lawsuit centers around claims of trademark infringement and related

causes of action based upon the use of a particular domain name. (docket # 29) Defendant Advice seeks an order staying this second or "the Arizona lawsuit" between the parties while it appeals the California district court's January 23, 2009 order dismissing the first or "the California lawsuit" for lack of personal jurisdiction over Plaintiffs AYPC, the Defendants in the California lawsuit. According to the California trial judge, the Hon. Joseph C. Spero, United States Magistrate Judge, "[Advice] ha[d] not established that [AYPC] purposely directed their activities to the Northern District of California to support a finding of specific personal jurisdiction[]" over AYPC in California. (docket # 69 at 22; C-08-1951 JCS)

In seeking a stay of the Arizona lawsuit, Advice contends that because of the "First to File Rule," the California lawsuit takes precedence over this case. (docket # 24 at 5) It argues "there is little, if any, harm that will occur to either party if this case is stayed until the appeal can be finally determined . . . [and a] stay of [the Arizona lawsuit] would prevent [] duplication of judicial effort . . . ." *Id*. at 6. If Advice's appeal is successful and the dismissal order reversed, Advice argues, "then these [Arizona] proceedings would be clearly duplicative and would involve precisely the issues the First to File rule seeks to avoid: duplicative cases, a waste of judicial resources and the possibility of conflicting results." *Id*.

Plaintiffs AYPC argue that this Court should not stay the Arizona lawsuit because: (1) this lawsuit is not identical to the California lawsuit; (2) Advice's appeal lacks merit and uncertainty exists whether the appeal will be addressed by the Ninth Circuit or a different appellate court; and, (3) AYPC's "business will be significantly harmed" by the delay a stay would cause. (docket # 26 at 2)

**STAY OF LAWSUITS**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In *Landis*, the Supreme Court, reversing a stay order, stated: "[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id*. at 255.

The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay. . . ." *Lockyer v. Mirant Corp*., 398 F.3d at 1110. The competing interests to be considered are: (1) the possible damage that may result from the granting of a stay; (2) the hardship that the party seeking the stay may suffer by being required to go forward; and (3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. *Id*.

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Ca., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1997). If a stay is granted, it should not be indefinite. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The party seeking the stay, in this case Advice, bears the burden of proving that a stay is warranted. *Clinton*, 520 U.S. at 708.

**DISCUSSION**

Although AYPC's Arizona Complaint which seeks a judicial declaration of non-infringement is not identical to the Complaint filed by Advice in the California lawsuit, the Court finds the two lawsuits concern substantially the same claims, request substantially the same relief, and arise out of the same operative core of facts, i.e., trademark infringement. Active filed its California lawsuit first on April 14, 2008. (docket # 1; C-08-1951 JCS) AYPC filed its Arizona Complaint on February 11, 2009, shortly after the California lawsuit was dismissed. Nevertheless, the First to File Rule is inapplicable in the

present scenario because the California lawsuit has been dismissed. There is no active pending lawsuit in the Northern District of California, only an appeal to the Ninth Circuit. While the Court will not speculate how long this appeal may take, it is common knowledge that the probabilities favor affirmance of appeals more often than reversals. Advice offers no estimate how long before the parties will likely receive a ruling on the merits of its appeal even if the appeal were not transferred or refiled with the Federal Court of Appeals in Washington, D.C. As mentioned earlier, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864.

The Court agrees with AYPC that further delay in the Arizona proceeding, especially due to a collateral issue, i.e., whether the Northern District of California had personal jurisdiction over AYPC, will leave the central issue of trademark infringement unresolved for a significant period of time, effectively preventing AYPC (and Advice) from continuing to grow and reap the benefits of their businesses. The hardship of uncertainty effectively freezes AYPC's business, along with its potential growth and/or revenue. Granting the stay will not simplify the merits of the parties' infringement claims and defenses nor resolve important questions of law related to those claims and defenses. Reversal of the dismissal order and a return to Northern District of California in San Francisco for trial would simply make resolution of the parties' disputes more convenient and less expensive for Advice, a California company, and less convenient and more expensive for AYPC, an Arizona limited liability company. With either venue, one party will be required to bear the burdens of travel. Additionally, Advice has not articulated any claim or defense that may not be brought in the Arizona case that was raised in the California case.

Finally, the parties engaged in little discovery on the merits in the California lawsuit except as it related to personal jurisdiction. Allowing the Arizona lawsuit to continue as scheduled with the Rule 16 scheduling conference set for May 5,

2009 would bring a quicker resolution to the parties' disputes, consistent with Rule 1[1], FED.R.CIV.P., and Congress' mandate to the federal judiciary to dispose of civil cases in a more efficient and inexpensive manner with its passage of the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq*.[2] Advice offers no "clear case of hardship or inequity in being required to go forward" with the Arizona lawsuit, *Landis*, 299 U.S. at 255, or a credible reason to justify delaying reaching the merits in the Arizona lawsuit of the parties' various claims and counterclaims when, at this point in time, there is no duplicative case, there is no waste of judicial resources, and there is no possibility of conflicting results. The Court recognizes, however, that this issue may need to be revisited if the Ninth Circuit or the Federal Court of Appeals remands the case back to the Northern District of California. Therefore, the Court will deny Advice's motion without prejudice.

Advice having failed to meet its burden of proving that a stay of this lawsuit is warranted,

**IT IS ORDERED** that Advice's Motion to Stay Proceedings, docket # 24, is **DENIED** without prejudice.

DATED this 1st day of May, 2009.

Lawrence O. Anderson
United States Magistrate Judge

---

[1] "These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, FED.R.CIV.P.

[2] The CJRA requires district courts to take "early and ongoing control" of civil cases by "setting early, firm trial dates, such that the trial is scheduled to occur **within eighteen months** after the filing of the complaint. . . . " 28 U.S.C. § 473(a)(2)(B) (emphasis added").