1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Attorney Yellow Pages.Com, L.L.C., an Arizona limited liability company and James Novak, an individual,<br><br>          Plaintiffs,<br><br>vs.<br><br>Advice Company, a California corporation,<br><br>          Defendant.<br> | No. CV-09-0282-PHX-LOA<br><br>**ORDER** |
| Advice Company, a California Corporation,<br><br>          Counterclaimant,<br><br>vs.<br><br>Attorney Yellow Pages.Com, L.L.C., an Arizona limited liability company,<br><br>          Counterdefendant. | |

After review and consideration of the parties' briefings on Plaintiffs' pending dispositive Motion, docket # 35, including the parties' supplemental briefs on the issue of whether collateral estoppel precludes Defendant Advice Company from relitigating the issues alleged in Counts 1 and 2 of its Counterclaim, the Court will deny Plaintiffs' Motion.

The Court concludes that (1) regarding whether the Northern District of

California had jurisdiction to entertain Advice Company's lawsuit in that forum against Plaintiffs, the issue of whether Plaintiffs knew they were causing harm in California when they allegedly committed their acts of infringement is not identical to the issue of whether Plaintiffs knew of Defendant Advice Company's trademark when Plaintiffs adopted their trademark, and (2) Plaintiffs' prior knowledge of Defendant Advice Company's trademark when Plaintiffs adopted their trademark was not essential to the California court's judgment that it lacked jurisdiction over Attorney Yellow Pages.Com, L.L.C., an Arizona limited liability company and James Novak. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320-21 (9th Cir. 1992); *Alberto-Culver Co. v. Trevive, Inc.*, 199 F.Supp.2d 1004 (C.D. Cal. 2002) (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357 (9th Cir.1985) (*en banc*)); Restatement (Second) of Judgments § 27 (1982).[1] Defendant Advice Company is entitled to a full and fair opportunity in the Arizona litigation to create a question of fact of Plaintiffs' prior knowledge, if any, in this regard. Because the parties' briefings are adequate and oral argument would not aid the Court, the Court will also deny Plaintiffs' request for oral argument. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Rule 12(b)(6) Motion to Dismiss, or alternatively, Motion to Strike Counts 1 and 2 of Advice Company's Counterclaim, docket # 35, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for oral argument is

---

[1] The Second Restatement of Judgments sets forth the general rule of issue preclusion as follows:
> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Restatement (Second) of Judgments § 27 (1982); also see, *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244 (3rd Cir. 2006).

1 **DENIED**.
2 DATED this 29th day of June, 2009.

_/s/ Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge